UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBRA LAPOSA, an individual,

    Plaintiff,

v.                                Case No: 2:19-cv-361-FtM-99UAM

WAL-MART STORES EAST, L.P.,
a Foreign Profit Corporation,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Strike (Doc. #8) filed on March 26, 2019. No response has been filed and the time to do so has expired. (Doc. #11.) Defendant moves to strike any references to "negligent mode of operation" in the Amended Complaint (Doc. #12). For the reasons set forth below, the Motion is granted.

**I.**

Plaintiff Debra LaPosa has brought this premises liability action against the owner and operator of a Wal-Mart store for negligence arising out of a slip and fall incident that occurred on or about August 2, 2016. (Doc. #12.) Plaintiff alleges that she slipped and fell on a "oily substance," sustaining serious injury. (Id.)

The case was removed based upon diversity jurisdiction, and is currently proceeding on an Amended Complaint. Defendant moves to strike paragraph 7 of the Amended Complaint, arguing that negligent mode of operation is no longer a viable claim in Florida. The offending paragraph reads:

> 7. On the date of the incident, Wal-Mart Stores East, L.P., by and through its employees, servants, and/or agents could reasonably anticipate that its mode of operation for ensuring that the floor of the store was not left in a slippery and dangerous condition was not reasonable.

(Doc. #12, ¶ 7.)

**II.**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. The court enjoys broad discretion in determining whether to grant or deny these motions to strike. Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Hutchings v. Fed. Ins. Co., 2008 WL 4186994, *2 (M.D. Fla. Sept. 8, 2008). It is not intended to "procure the dismissal of all or part of a complaint." Id. Likewise, a motion to strike is a drastic remedy and is disfavored by the courts. Reyher v. Trans World Airlines,

881 F. Supp. 574, 576 (M.D. Fla. 1995). Therefore, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Id.

In evaluating a motion to strike, the Court generally applies the same test used to determine a 12(b)(6) motion, including the general rule that matters outside the pleadings are not to be considered. See Antoniou v. Thiokol Corp. Group Long Term Disability Plan, 849 F. Supp. 1531, 1533 (M.D. Fla. 1994) ("[M]atters outside the pleadings, such as affidavits or depositions must be disregarded in an analysis under a Rule 12(f) motion to strike.").

## III.

The mode of operation theory allows a slip-and-fall plaintiff to recover by showing that a defendant failed to exercise reasonable care in selecting a mode of operation, without showing that the defendant had actual or constructive knowledge of the dangerous condition. See Markowitz v. Helen Homes of Kendall Corp., 826 So. 2d 256, 259-60 (Fla. 2002) ("[T]he mode-of-operation rule looks to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident."). In Markowitz, the court recognized that the duty of premises owners to maintain their premises in a safe condition was not limited to simply detecting the dangerous conditions as they occur, but

businesses were under a duty to take actions to "reduce, minimize, or eliminate foreseeable risks before they manifest themselves. . . ." Id. at 259.  At the time Markowitz was decided, the slip and fall statute in effect explicitly mentioned mode of operation, providing that:

> **(1)** The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury, or damage.
>
> **(2)** In any civil action for negligence involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises, the claimant shall have the burden of proving that:
>
>> **(a)** The person or entity in possession or control of the business premises owed a duty to the claimant;
>>
>> **(b)** The person or entity in possession or control of the business premises acted negligently by ***failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises***. Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim. However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and
>>
>> **(c)** The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.

Fla. Stat. § 768.0710(2)(b) (emphasis added) (repealed July 1, 2010).

- 4 -

On July 1, 2010, a new slip and fall statute went into effect, Fla. Stat. § 768.0755, and the current version of the statute was in effect at the time of LaPosa's slip and fall. The statute now provides:

> **(1)** If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
> > **(a)** The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
> >
> > **(b)** The condition occurred with regularity and was therefore foreseeable.
>
> **(2)** This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

Fla. Stat. § 768.0755 (2010). Defendant argues the current version eliminates the mode of operation theory. (Doc. #8, at 2-4.)

Florida courts have held that under the current version of the statute, proof of actual or constructive knowledge is a necessary element of a slip and fall claim. See Pembroke Lakes Mall Ltd. v. McGruder, 137 So. 3d 418, 426 (Fla. 4th DCA 2014). See also Woodman v. Bravo Brio Restaurant Group, Inc., No. 6:14-cv-2025-Orl-40TBS, 2015 WL 1836941, *2 (M.D. Fla. Apr. 21, 2015) (interpreting § 768.0755 to effectuate the legislature's intent

and finding that proof of actual or constructive knowledge is an element of a slip and fall case, replacing proof by negligent mode of operation); Valles v. Target Corp., No. 14-60723-Civ-Scola, 2015 WL 1640326, *2 (S.D. Fla. Apr. 9, 2015) (Essentially, under Florida law, "a person claiming that a store was negligent by not cleaning up a dangerous condition must present some evidence that the dangerous condition ... existed for such a length of time that, in the exercise of ordinary care, the store would have known of the condition.") (citing Vallot v. Logan's Roadhouse, Inc., 567 F. App'x 723, 726 (11th Cir. 2014) (affirming an order granting summary judgment where the plaintiff failed to establish that the restaurant had actual or constructive notice of a slippery substance on the floor where he fell)).

The Court agrees that the plain language of subsection (1) requires proof of actual or constructive knowledge of the transitory foreign substance. In enacting Fla. Stat. § 768.0755, the Florida legislature specifically repealed the language of Fla. Stat. § 768.0710, which had allowed a plaintiff to establish a claim for relief by showing a negligent mode of operation without the showing of actual or constructive knowledge. In interpreting § 768.0755, this Court must "strive to effectuate the legislature's intent" beginning with the plain language of the statute. Kasischke v. State, 991 So. 2d 803, 807 (Fla. 2008) (noting that

if the statutory language is "clear and unambiguous," the inquiry ends there).

Therefore, the Court will grant the Motion to Strike any references in the Amended Complaint to negligent mode of operation.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to Strike (Doc. #8) is **GRANTED.** Paragraph 7 of the Amended Complaint (Doc. #12) is stricken.

**DONE and ORDERED** at Fort Myers, Florida, this __20th__ day of June, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record